UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS B. DELOACH,

               Plaintiff,

-against-

NEW YORK CITY, acting through the
DEPARTMENT OF FINANCE aka (DOF),

               Defendant.

25-CV-7137 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that the City of New York, acting through the Department of Finance ("DOF"), denied him due process and equal protection when the DOF authorized the towing of his vehicle in August 2025.

    By order dated September 3, 2013, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. On September 15, 2025, Plaintiff filed a motion seeking a temporary restraining order and preliminary injunctive relief, which Chief Judge Laura Taylor Swain denied on September 29, 2025. On October 8, 2025, this action was reassigned to the undersigned.

    For the reasons set forth in this order, the Court dismisses the action for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to file an amended complaint.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While

the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are drawn from the complaint.[1] In August 2025, DOF "booted and towed" Plaintiff's vehicle. (ECF 1 ¶ 7.) "DOF pursued booting and towing despite Plaintiff's [Department of Transportation] Account showing only $203 in judgment, whereas DOF's published policy on its website states that booting or towing occurs only when a motorist has at least $350 in judgment debt." (*Id.* ¶ 8.) "Plaintiff repeatedly attempted to apply for the DOF hardship program . . . [but] DOF blocked Plaintiff's access to the hardship program." (*Id.* ¶¶ 9, 10.) "DOF further inflated fines without authority, doubling the 'sticker violation' penalties from $65 to $130, and adding fines that were not originally listed." (*Id.* ¶ 12.)

Plaintiff asserts claims under the Due Process Clause, claiming that Defendant "deprived [him] property without due process[,] . . . blocked access to a qualifying hardship program, failed to provide adequate notice or hearing, and arbitrarily inflated fines and penalties." (*Id.* ¶¶ 15, 16.) Plaintiff also asserts claims under the Equal Protection Clause of the Fourteenth Amendment, claiming that "Defendant enforced booting/towing standards inconsistently and arbitrarily, applying different rules to Plaintiff than those set forth in its publicly published policies[.]" (*Id.* ¶ 17.)

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

## DISCUSSION

Plaintiff challenges the booting and towing of his vehicle after the DOF denied his application to participate in the DOF's hardship program. He claims that the DOF denied him due process, in violation of the Due Process Clause of the Fourteenth Amendment, and applied different rules to him than its publicly stated rules, in violation of the Equal Protection Clause of the Fourteenth Amendment. Plaintiff also challenges the costs of the fines, describing them as inflated. The Court construes this challenge as asserting an excessive fines claim under the Excessive Fines Clause of the Eighth Amendment. For the reasons below, the Court dismisses these three claims, with leave to replead.

**A.      Procedural Due Process Claim**

The Due Process Clause of the Fourteenth Amendment protects "against deprivations [of life, liberty, or property] without due process of law." *Rivera-Powell v. N.Y. City Bd. of Elections*, 470 F.3d 458, 464 (2d Cir. 2006) (internal quotation marks and citation omitted). "The fundamental requisite of due process of law is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (internal quotation marks and citations omitted).

A claim under Section 1983, asserting that a government official has deprived a person of a property interest, is not cognizable in a federal district court if state law provides an adequate remedy for the deprivation of that interest. *See Zinermon v. Burch*, 494 U.S. 113, 127-39 (1990); *Hudson*, 468 U.S. at 533. Thus, when a plaintiff asserts such a claim, "the federal court's initial inquiry must be whether the state has provided adequate remedies to redress such unlawful acts." *Vialez v. N.Y.C. Hous. Auth.*, 783 F. Supp. 109, 114 (S.D.N.Y. 1991). "[I]f a plaintiff had an opportunity to contest a defendant's actions but failed to do so, there can be no claim for violation of his or her procedural due process rights under 42 U.S.C. § 1983." *Id.* at 113.

3

"When reviewing alleged procedural due process violations, the Supreme Court has distinguished between (a) claims based on established state procedures and (b) claims based on random, unauthorized acts by state employees." *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996) (citations omitted). "When the state conduct in question is random and unauthorized," post-deprivation remedies are appropriate. *Rivera-Powell*, 470 F.3d at 465 (citing *Hellenic Am. Neighborhood Action Comm.*, 101 F.3d at 880). "In contrast, when the deprivation is pursuant to an established state procedure, the state can predict when it will occur and is in the position to provide a pre-deprivation hearing." *Id.* (citing *Hellenic Am. Neighborhood Action Comm.*, 101 F.3d at 880); *see Van Oss v. New York*, 783 F. Supp. 2d 681, 695 (S.D.N.Y. 2011) ("[W]here the deprivation is systemic, litigants have a well-established right to pursue their claims in federal court without resorting to state judicial remedies.").

Courts have found that the New York Vehicle and Traffic Law and Article 78 of the New York Civil Practice Law and Rules provide adequate procedural due process to challenge parking and traffic summonses, and the resultant seizure and towing of a vehicle due to a plaintiff's failure to pay the associated fines. *Torres v. City of New York through New York City Dep't*, 590 F. Supp. 3d 610, 617 (S.D.N.Y. 2022) ("[C]ourts have repeatedly affirmed that the City's parking ticket system, combined with New York's Article 78 procedures, 'provide[s] parking violators . . . with more than sufficient process to satisfy the Constitution.'" (quoting *Rackley v. City of New York*, 186 F. Supp. 2d 466, 480 (S.D.N.Y. 2002)); *see, e.g.*, *Tsinberg v. City of New York*, No. 20-CV-0749 (PAE), 2021 WL 1146942, at *1-2, 4-6 (S.D.N.Y. Mar. 25, 2021) ("'Courts in this Circuit have found that, as a general matter, the [New York City Parking Violations Bureau]/Article 78 review process for challenging parking summonses meets the

requirements of procedural due process.'" (quoting *Nestle Waters N. Am., Inc. v. City of New York*, No. 15-CV-5189 (ALC), 2016 WL 3080722, at *8 (S.D.N.Y. May 25, 2016), *aff'd*, 689 F. App'x 87 (2d Cir. 2017) (summary order))). Federal due process challenges regarding parking tickets and towing of vehicles generally are unsuccessful because "the City's administrative parking violations system, together with the judicial system of the State of New York, provide[] plaintiff[s] with adequate pre-deprivation remedies, adequate postdeprivation remedies, and sufficient notice that such remedies were available." *Nestle Waterns N. Am., Inc.*, 2016 WL 3080722, at *8 (internal quotation marks and citation omitted)).

Plaintiff does not allege any facts suggesting that he has pursued any type of state administrative or judicial review, including an Article 78 proceeding, to challenge fines assessed against him, the denial of his application to participate in the hardship program, or the booting and towing of his vehicle. Thus, because Plaintiff has not shown that he has pursued any such state process, he cannot assert that he has been denied procedural due process. *See Vialez*, 783 F. Supp. at 113. The Court therefore dismisses Plaintiff's procedural due process claim for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status, the Court grants him leave to amend his complaint to allege facts demonstrating that Defendants denied him adequate procedural due process with respect to the fines assessed against him, the denial of his application into the hardship program, and/or the booting and towing of his vehicle.

**B.     Equal Protection Claim**

The Equal Protection Clause requires that all persons similarly situated should be treated alike. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Where an individual alleges that he was intentionally treated differently from other similarly-situated individuals without any rational basis, he may proceed with a "class of one" equal protection

claim. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) ("Our cases have recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that []he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."). In order to prevail in a class-of-one equal protection claim, a "plaintiff[] must show an extremely high degree of similarity between [himself] and the persons to whom [he] compare[s] [himself]." *Ruston v. Town Bd. of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) (internal quotation marks omitted).

Because Plaintiff does not identify any similarly situated individuals against whom he may be compared, he cannot state a class of one equal protection claim. The Court therefore dismisses the equal protection claim for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff leave to amend this claim to state facts in support of his assertion that the City of New York violated the Equal Protection Clause.

**C.     Excessive Fines Claims**

The Eighth Amendment prohibits the imposition of "excessive fines."[2] The Second Circuit has adopted a two-step inquiry to decide "whether a financial penalty is excessive under the Eighth Amendment." *United States v. Viloski*, 814 F.3d 104, 108 (2d Cir. 2016) (citations omitted). First, a court must consider whether the payment or forfeiture at issue constitutes a "fine," meaning that it is punitive in nature and not "purely 'remedial.'" *Id.* at 109 (citation omitted). Second, a court weighs four factors to determine whether the fine is "grossly disproportional" to the underlying offense. *Id.* at 110. Ultimately, whether a fine is excessive "involves solely a proportionality determination." *Id.* at 111.

---

[2] The Fourteenth Amendment incorporates the Eighth Amendment's prohibition against excessive fines; it therefore applies to the states. *Timbs v. Indiana*, 586 U.S. 146, 154 (2019).

Here, assuming that the Excessive Fines Clause applies to this case,[3] Plaintiff's allegation that the DOF increased a penalty from $65 to $130 does not suggest that the fines imposed were grossly disproportionate to his underlying offense. *See, e.g.*, *Torres*, 590 F. Supp. 3d at 628 (holding that "a $95 and $115 fine are not grossly disproportional to an illegal parking violation"). Moreover, his assertion that additional fines were imposed does not state a claim under the Excessive Fines Clause because Plaintiff does not identify such additional fines. Accordingly, the Court concludes that Plaintiff does not state an excessive fines claim and dismisses the claim for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead this claim.

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim regarding the assessment of fines, the denial of his

---

[3] The Second Circuit has yet to resolve this question. Some courts, however, have determined that the Excessive Fines Clause applies to municipal traffic and parking fines. *See, e.g.*, *Farina v. Metro. Transp. Auth.*, 409 F. Supp. 3d 173, 198-99 (S.D.N.Y. 2019) (finding that the plaintiff had "plausibly alleged that the disputed . . . fees were . . . subject to scrutiny under the excessive fines clause"); *Ese A. O'Diah v. TBTA-Triborough Bridge & Tunnel Auth.*, No. 19-CV-7586 (VSB), 2021 WL 2581446, at *5 (S.D.N.Y. June 23, 2021) (holding that the . . . fees at issue "are clearly punitive and therefore subject to the Excessive Fines Clause").

participation in the hardship program, and the booting and towing of his vehicle, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## PRO SE LAW CLINIC

Plaintiff is advised that there is a Pro Se Law Clinic available to assist self-represented parties in civil cases. The Clinic may be able to provide Plaintiff with advice in connection with his case.[4] To make an appointment, Plaintiff must complete the City Bar Justice Center's intake form. If Plaintiff has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org).

In-person appointments in the Thurgood Marshall Courthouse in Manhattan and the Charles L. Brieant Jr. Federal Building and Courthouse in White Plains are available Monday through Thursday, 10am to 4pm. Appointments are also available remotely Monday through Friday, 10am to 4pm.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

A City Bar Justice Center flyer is attached to this order.

---

[4] The Pro Se Law Clinic is run by a private organization called the City Bar Justice Center; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any self-represented party through the Pro Se Intake Unit).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   October 9, 2025
        New York, New York

                                                        Louis L. Stanton
                                                             U.S.D.J.

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
in the Southern District of New York (SDNY)



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project (Fed Pro) provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

## HOW TO SCHEDULE AN APPOINTMENT

To schedule an appointment for assistance with City Bar Justice Center's Fed Pro project, you must first complete our online Intake Form.
- Our online Intake Form is accessible via one of these methods:
  - Scan the QR code to the right.
  - Go to bit.ly/prosesdny
- Once on the City Bar Justice Center Federal Pro Se Legal Assistance page, scroll down to "**SDNY**" and then click "**APPLY FOR HELP**" to be taken to the Intake Form.
- When the Intake Form asks: "How can we help you", please select "**Federal Court Case**" from the drop-down menu. The Fed Pro SDNY office will receive your application ONLY if you select "federal court case." If you select anything else, you will need to re-complete your application.

Once you complete the form, someone will contact you, usually within five business days, to schedule an appointment. If you are not able to complete the Intake Form, please call **(212) 382-4794,** leave a detailed message, and wait for us to call you back, typically within five business days.

## HOW WE HELP

**While we cannot provide full representation,** we can assist litigants by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 Consulting on **discovery** matters

 **Interpreting and explaining** federal law and procedure

 Assisting with the **settlement** process (including **mediation**)

 **Reviewing drafted pleadings** and correspondence with the Court