UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS B. DELOACH,

                Plaintiff,

        -against-

NEW YORK CITY, acting through the
DEPARTMENT OF FINANCE aka (DOF),

                Defendant.

25-CV-7137 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

By order dated October 9, 2025, the Court dismissed this action for failure to state a claim and granted Plaintiff 30 days' leave to file an amended complaint. (*See* ECF 12.) On November 18, 2025, Plaintiff filed two emergency motions, seeking a temporary restraining order.[1]

**DISCUSSION**

To obtain preliminary injunctive relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear

---

[1] Plaintiff previously filed an emergency motion for a temporary restraining order, and on September 29, 2025, Chief Judge Laura Taylor Swain denied the motion. (*See* ECF 10.) The Clerk of Court reassigned this action to the undersigned on October 8, 2025.

showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff's submissions do not demonstrate a likelihood of success on the merits. First, the Court dismissed this action for failure to state a claim. Second, Plaintiff indicates in his emergency motions that he initiated an action in the New York Supreme Court, New York County, where he challenges the New York City Department of Finance's ("DOF") denial of his application to participate in the DOF's hardship program. (*See* ECF 16, at 11.) Although Plaintiff indicates in his emergency motions that he disagrees with the speed with which his state court action is proceeding, he does not allege facts suggesting that Defendants have violated his due process rights.

Plaintiff's submissions also do not suggest that they involve sufficiently serious questions going to the merits of his claims to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Plaintiff's submissions show only that he seeks resolution of his ongoing state court matter on an emergency basis, not that the merits of his claims warrant quick resolution in federal court.

Accordingly, the Court denies the emergency motions. The Court will issue an explanatory order at a later date.

## CONCLUSION

Plaintiff's emergency motions are denied (ECF 14-15). The Clerk of Court is directed to terminate this motions. The Court will issue an explanatory order at a later date.

The Court directs Plaintiff to cease further attempts to call the undersigned's chambers. Should Plaintiff need to communicate with the Court, he must direct all communication to the court's Pro Se Intake Unit. *See In the Matter of Pro Se Litigation*, M10-468 (Oct. 31, 1996)

("[A]ll pro se litigants shall file their papers with the Pro Se Office of this Court.").

SO ORDERED.

Dated:    November 25, 2025
          New York, New York

                                            _Louis L. Stanton_
                                            Louis L. Stanton
                                            U.S.D.J.

3